IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| In the Matter of the Complaint of the | **Civ. No. 1:26-cv-00388-AA** |
| **ESTATE OF SAMUEL WALLER, JR.**, as owner of the 26' Glacier Bay Catamaran UNO MAS (Oregon Reg. No. OR845ACS), Petitioning for Exoneration From or Limitation of Liability | **ORDER OF INJUNCTION AND MONITION, AND APPROVAL OF *AD INTERIM* STIPULATION FOR VALUE AND COSTS, AND LETTER OF UNDERTAKING** |

AIKEN, District Judge.

WHEREAS a Complaint having been filed herein on the 27th day of February, 2026, pursuant to 46 U.S.C. §§ 30501 *et seq.*, 28 U.S.C. §§ 1331 & 1333, Rules 9(h) and 38(e) of Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rules"), by Petitioner Estate of Samuel Waller, Jr. ("Petitioner"), as owner of the 26' Glacier Bay Catamaran UNO MAS (Oregon Reg. No. OR845ACS), (the "Vessel"), which was and now is duly registered under the laws of the State of Oregon, praying for exoneration from or limitation of his liability in connection with a personal injury and/or death in offshore from Gold Beach, Oregon, which occurred on or about August 31, 2025, and for certain other relief; and

WHEREAS the Complaint states the alleged facts and circumstances upon which said exoneration and/or limitation are claimed under the aforementioned statutes and rules; and

WHEREAS, the value of Petitioner's interest in the Vessel immediately following the subject incident is alleged as worth ($0.00 USD), and GEICO Marine Insurance Company, as surety, pursuant to a Letter of Undertaking, consented and agreed to provide security for value and costs of Five Hundred Dollars and No Cents ($500.00) within the meaning of Rule F(l) of the Supplemental Admiralty Rules; and

WHEREAS Petitioner deposited with the Court, as security for the benefit of the claimants as required by Rule F(1) of the Supplemental Admiralty Rules, an *Ad Interim* Stipulation for Value and Letter of Undertaking in the sum of Five-Hundred Dollars ($500.00 USD), with interest at the rate of 6% per annum from the date of security interest, said sum being not less than the amount or value of Petitioner's interest in the said Vessel; and

WHEREAS claims have been made and/or will be made against the Petitioner and against the Vessel for personal injury and/or death alleged to have incurred in consequence of the incident on or about August 31, 2025; and

WHEREAS Petitioner has applied for an order of injunction and monition pursuant to Rule F(3) and (4) of the Supplemental Admiralty Rules,

Page 2 – ORDER

Now, on Petitioner's application, and good cause appearing thereon, IT IS HEREBY ORDERED:

That the *Ad Interim* Stipulation Regarding Security for Value and Costs of the Vessel and the Letter of Undertaking are approved; and

That pursuant to Rule F(3) of the Supplemental Admiralty Rules, all claims, suits, and proceedings against Petitioner or Petitioner's property with respect to the matter in question, to wit, the Vessel, shall cease; and

That pursuant to Rule F(4) of the Supplemental Admiralty Rules, notice shall issue out of and under the seal of this Court in the form filed herewith, entitled "Notice of Complaint for Exoneration From or Limitation of Liability," to all persons asserting claims with respect to which the complaint seeks exoneration or limitation, admonishing them to file their respective claims, if at all, with the Clerk of the Court and to serve on the attorneys for the Petitioner a copy thereof within 30 days of the issuance of the Notice; and

That such public notice shall be published in the Curry Coastal Pilot, a legally adjudicated newspaper in the Gold Beach, Oregon area, and that such Notice shall be published once a week for four (4) consecutive weeks prior to the date fixed for filing claims; and

That Petitioner shall, not later than the day of the second publication, also mail a copy of the Notice to every potential claimant and/or person known to have made any claim against the Petitioner and/or the Vessel arising out of the alleged incident, voyage or trip on or out of which the claims sought to be limited arose; and

Page 3 – ORDER

That the continued prosecution of any and all civil suits, actions or proceedings which may already have begun against Petitioner in any civil court whatsoever to recover damages arising out of, or occasioned by, or consequent upon the aforesaid voyage or trip on which the incident occurred on or about August 31, 2025, during which a person may have been injured and/or died, and institution or prosecution of any civil suits, actions or legal proceedings of any nature description whatsoever in any civil court wheresoever, except in this proceeding for exoneration from or limitation of liability, against the Petitioner and/or Vessel, in respect of any claim or claims arising out of the aforesaid voyage or trip on which the Vessel, or otherwise subject to limitation proceeding, be and the same are hereby stayed and restrained; and

That the publication and mailing of copies of the Notice to Claimants, required by Rule F(4) of the Supplemental Admiralty Rules, shall constitute due notice to all persons asserting claims with respect to which said complaint seeks limitation or exoneration.

It is so ORDERED and DATED this __6th__ day of April 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge


Page 4 – ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

In the Matter of the Complaint of the                **Civ. No. 1:26-cv-00388-AA**

**ESTATE OF SAMUEL WALLER, JR.**,                **NOTICE**
as owner of the 26' Glacier Bay
Catamaran UNO MAS (Oregon
Reg. No. OR845ACS), Petitioning for
Exoneration From or Limitation
of Liability

_____

NOTICE is hereby given pursuant to Rule (3) and (4), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rules"), by Petitioner in Limitation, the Estate of Samuel Waller, Jr. ("Petitioner"), a as owner of the 26' Glacier Bay Catamaran UNO MAS (Oregon Reg. No. OR845ACS), which was and now is duly registered under the laws of the State of Oregon, that he has filed a complaint in the above-mentioned court pursuant to 46 U.S.C. §§ 30501 *et seq.*, 28 U.S.C. §§ 1331 & 1333, claiming the right to exoneration from or limitation of his liability in connection with all claims against him for injury or other damages resulting from the alleged injury and/death, or other incident, involving Samuel Waller, Robert (Robbie) Nelson, and Jerrod Bruner, which occurred on or about August 31, 2025.

All persons having such claims and wishing to contest Petitioner's complaint must file such claims, if at all, as provided in Rule F of the Supplemental Admiralty Rules, with the Clerk of this Court, the United States District Court, District of

Page 5 – ORDER

Oregon, Medford Division, located at 310 West Sixth Street, Medford, Oregon 97501, and serve copies of them on or mail to the Petitioner's attorney, Chris P. Reilly of the law firm Nicoll Black Altenbrun & Feig, located at 1325 4th Ave, Suite 1650, Seattle, WA 98101, **on or before May 15, 2026**, being not less than 30 days after issuance of this Notice, **or be defaulted**. A personal appearance is not required.

DATED this 3rd day of April, 2026.

NICOLL BLACK ALTENBRUN & FEIG

/s/ Chris P. Reilly
Chris P. Reilly, OSB No. 196144
*Attorneys for the Estate of Samuel Waller, Jr.*

Page 6 – ORDER